## BAUGHMAN v. ANICKER *et al.*

No. 2886.  Opinion Filed July 22, 1913.

(133 Pac. 1128.)

**APPEAL AND ERROR**—Review—Sufficiency of Evidence.  Where the judgment is reasonably supported by the evidence, it will not be disturbed on appeal.

(Syllabus by Rosser, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Bert Baughman against William J. Anicker and others.  Judgment for defendant, William J. Anicker, quieting title as against the other parties to the action, and plaintiff brings error.  Affirmed.

*E. V. Vernor* and *Chas. F. Runyan,* for plaintiff in error.

*L. J. Roach* and *Chris. M. Bradley,* for defendants in error.

Opinion by ROSSER, C.  This was an action to quiet title to a certain tract of land in Muskogee county.  There was a judgment for the defendant, and the plaintiff brings error.

The only ground urged for a reversal is that the judgment is contrary to the evidence. The question involved is as to the age of a Creek freedwoman, named Theodora Williams. She executed a deed to the defendant, Anicker, on the 4th of August, 1910, and on the 3d of September, 1910, she executed a deed to the plaintiff. It was claimed upon the part of the plaintiff that she was not eighteen years old until the 28th of August; while it was claimed upon the part of the defendant that she was eighteen years old on the 4th of August. It is admitted that unless she was of age on the 4th of August the plaintiff should recover, while if she was of age on that date the defendant should recover, and the judgment should be affirmed. Upon the part of the plaintiff, several witnesses, including her mother, testified that Theodora Williams was born on the 28th of August. Her mother was unable to say in what year she was born, and though her mother had five other children she was unable to give the birthday of any other child, except one which she guessed was born about the 25th of November, but did not know the year. Some of the other witnesses testified that Theodora was born in 1892. An affidavit was introduced in evidence which showed that her mother stated that Theodora was eighteen years of age on the 4th of August, at the time her deed to Anicker was executed; but her mother testified that the affidavit was misread to her, and that the actual statement she made was that Theodora was born on the 28th of August. The parties who prepared the affidavit, however, were not impeached in any other way, and the circumstances adduced against the correctness of the affidavit are not sufficient to justify a finding that it was not read to her as prepared. Upon the part of the defendant, a man, who stated that he had been the presiding elder of the A. M. E. Church for that part of the country for a number of years, testified to having made a record of the birth of the child shortly after she was born, and that she was born on the 4th of August, and before the 28th of August. Other witnesses testified as to the appearance of Theodora Williams. It was shown that she was married and the mother of two children. She did not testify in the

case. The defendant, Anicker, paid an adequate consideration for the land.

The burden was upon the plaintiff to prove his case. The evidence upon both sides is very meager and very unsatisfactory. There is some evidence reasonably tending to support the finding in favor of the defendant, especially in view of the weak and unsatisfactory nature of the evidence on behalf of the plaintiff.

Where the evidence reasonably supports the judgment of the trial court, it should not be disturbed on appeal.

Therefore the judgment in this case should be affirmed.

By the Court: It is so ordered.